**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bay Ignacio MENDIVIL–SILVA, a.k.a. Bay Ignacio Mendevil–Silva, Defendant–Appellant.**

**No. 11–10098.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Dec. 27, 2011.

Melissa Anne Meister, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esquire, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Bay Ignacio Mendivil–Silva appeals from the 78–month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(1)(A)(ii), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendivil–Silva contends that remand is required because the district court did not recognize its discretion to vary from the advisory sentencing Guidelines range pursuant to *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The record belies that contention. The district court understood that had discretion to vary but concluded that a within-in-Guidelines sentence was appropriate for Mendivil–Silva.

To the extent that Mendivil–Silva also contends that his sentence was substantively unreasonable, the contention fails. In light of the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a), the 78–month sentence is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.